IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.

Dated: February 23, 2024.



_____
CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.   23-50779-cag |
| | § | |
| ARTESIA SPRINGS, LLC, | § | CHAPTER 11 PROCEEDING |
|    Debtor | § | SUBCHAPTER V |

### ORDER CONFIRMING DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION, AS MODIFIED HEREIN

On February 13, 2024, the Court held a hearing (the "Confirmation Hearing") to consider confirmation of the Amended Plan of Reorganization for a Small Business under Subchapter V of Chapter 11, as modified herein (the "Plan")[1] filed herein by Artesia Springs, LLC (the "Debtor") on September 28, 2023 (Doc. #74). Present or making appearances at the hearing were counsel for the Debtor, the Debtor's representative, Michael G. Colvard, the Subchapter V Trustee appointed in the case (hereinafter "Sub V Trustee"), counsel for certain creditors who have entered an appearance in the case, and the United States Trustee. The Court has reviewed the Plan,

---

[1] Capitalized terms used herein without definition shall have the meanings provided for in the Plan. In addition, any term used in the Plan or this Order that is not defined in the Plan or this Order, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules.

considered the documents admitted into evidence and the testimony of Rodolfo Ramon, Jr. at the hearing, considered the statements and arguments of counsel, the docket of the Bankruptcy Case, and any other relevant factors affecting the case. Based upon the foregoing, the Court finds and determines as follows:

1. The Debtor filed this case on June 20, 2023 (the "Petition Date") and was qualified to be a Debtor under 11 U.S.C. §109. The Debtor was also qualified and elected to proceed as a small business debtor as that term is defined by 11 U.S.C. §101(51D).

2. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>. This Court has jurisdiction over the Case pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and whether it should be confirmed. Venue in the Western District of Texas was proper on the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409;

3. The Court takes judicial notice of the docket in this Chapter 11 case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and the transcripts of, and all evidence and arguments made, proffered or adduced at, hearings held before the Court during the pendency of this Chapter 11 case;

4. Every person or entity required to receive notice of the hearing on confirmation of the Plan received timely and adequate notice thereof;

5. The Plan has been transmitted to creditors, parties-in-interest, parties requesting notice and equity security holders together with a copy of the Order Setting Deadlines Pursuant to Interim Rule 3017.2 which was approved by the Court on September 28, 2023 (Dckt. #77) (the "Confirmation Deadlines Order"). Furthermore, the Debtor properly served creditors, parties-in-

interest, parties requesting notice and equity security holders with notice of the continued, February 13, 2024 Confirmation Hearing.

6. In accordance with Bankruptcy Rules 2002 and 9014, any materials and notices prescribed by the Confirmation Deadlines Order were served in compliance therewith, and such service was adequate and sufficient. The Court finds that adequate and sufficient notice of the Confirmation Hearing and the other deadlines and matters required to be noticed was given in compliance with the Bankruptcy Rules and the Confirmation Deadlines Order, and no other or further notice is or shall be required.

7. <u>Compliance with 11 U.S.C. §1123(a)</u>. The Court finds and concludes that the Plan: (i) designates classes of Claims and Interests, other than Claims of a kind specified in 11 U.S.C. §507(a)(2), (3) and (8); (ii) specifies classes of Claims and Interests that are not impaired under the Plan; (iii) specifies classes of Claims and Interests that are impaired under the Plan; (iv) provides the same treatment for each Claim or Interest of a particular class, unless the holder of a particular Claim or Interest agrees to less favorable treatment of their respective Claim or Interest; (v) provides for adequate means for implementation of the Plan; and (vi) otherwise complies with Section 1123(a) of the Bankruptcy Code.

8. <u>Compliance with 11 U.S.C §1123(b)</u>. As permitted by 11 U.S.C. §1123(b), the Plan: (i) impairs or leaves unimpaired, classes of Claims and Interests; (ii) subject to Section 365 of the Bankruptcy Code, provides for the assumption, rejection, or assignment of any executory contracts or unexpired leases of the debtor not previously rejected under such section; (iii) provides for the settlement or adjustment of claims or interests belonging to Debtor or the Bankruptcy Estate, and for the retention and enforcement of claims or interests by the Debtor, the Trustee, or by a representative of the Bankruptcy Estate appointed for such purpose; (iv) modifies the rights

of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leaves unaffected the rights of holders of certain classes of claims; and (v) includes other appropriate provisions that are not inconsistent with the applicable provisions of the Bankruptcy Code.

9. The relief provided in the Plan is fair and necessary for the orderly implementation of the Plan and the administration of Debtor's Bankruptcy Estate. Therefore, the Plan satisfies the requirements of 11 U.S.C. §1123(a) and (b).

10. <u>Burden of Proof</u>. After notice and a hearing, the Court finds that the Debtor has met its burden of proving the elements of 11 U.S.C. § 1129(a) and (b) by a preponderance of evidence, and all the necessary requirements for confirmation of the Plan under 11 U.S.C. §1129 have therefore been satisfied. In connection with this finding, the Court notes that the Debtor has met the requirements of 11 U.S.C. §1129(a)(8) and that (a)(15) does not in this case. Furthermore, even if the Debtor had not met the requirements of 11 U.S.C. §1129(a)(8), the Court could have confirmed the Plan pursuant to 11 U.S.C. 1191(b) because this case was filed as a Subchapter V case.

11. <u>Compliance with 11 U.S.C. §1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code as required by 11 U.S.C. §1129(a)(1). Additionally, as required by Bankruptcy Rule 3016(a), the Plan is dated, and the Plan identities Debtor as its proponent.

12. <u>Compliance with 11 U.S.C. §1129(a)(2)</u>. The Court finds and concludes that Debtor has complied with the applicable provisions of the Bankruptcy Code, as required by 11 U.S.C. §1129(a)(2). Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and this Court's orders in transmitting the Plan and all related documents and notices in the solicitation and tabulation of acceptances or rejections of the Plan.

13. <u>Compliance with 11 U.S.C. §1129(a)(3)</u>. The Court finds and concludes that Debtor has proposed the Plan in good faith and not by any means forbidden by law, as required by 11 U.S.C. §1129(a)(3). Debtor has acted and is presently acting in good faith in conjunction with all aspects of the Plan. All provisions and transactions contemplated by the Plan were negotiated and consummated in good faith, at arm's length, and without collusion. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan and the solicitation of the Plan. Debtor filed the proposed Plan with legitimate and honest purposes including distribution of the payments to creditors set forth in the Plan. Additionally, the Plan reflects the best interest of the Debtor's Estate and holders of Claims and Interests. In addition, the Court finds and concludes that the Debtor solicited acceptance of the Plan in good faith, and in compliance with the Bankruptcy Code. The Debtor, its representatives and its attorney have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the solicitation of the Plan, and therefore are not and shall not, on account of such issuance or solicitation, be liable at any time for the violations of any law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or the distribution or dissemination of any information contained in the Plan, any supplements thereto, and any and all related documents.

14. <u>Compliance with 11 U.S.C. §1129(a)(4)</u>. The Court finds and concludes that all payments made or to be made by the Debtor for services or for costs and expenses incurred in the Debtor's Case, or in connection with the Plan and incident to the Debtor's Case have been approved by, or are subject to approval of, this Court, as required by 11 U.S.C. §1129(a)(4).

15. <u>Compliance with 11 U.S.C. §1129(a)(5)</u>. The Court finds and concludes that (i) the proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve,

after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan; and (ii) the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and (iii) the proponent of the plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

16. <u>Compliance with 11 U.S.C. §1129(a)(6)</u>. The Court finds and concludes that, after confirmation of the Plan, the plan does not purport to alter any rate regulation by any governmental entity, thus satisfying 11 U.S.C. §1129(a)(6).

17. <u>Compliance with 11 U.S.C. §1129(a)(7)</u>. The Court finds and concludes that with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date. Therefore, the Plan complies with 11 U.S.C. §1129(a)(7).

18. <u>Compliance with 11 U.S.C. §1129(a)(8)</u>. The Court finds and concludes that all holders of claims and interests impaired under the Plan have been given adequate opportunity to vote to accept or reject the Plan, and the holders of Claims impaired under the Plan within the meaning of 11 U.S.C. §1124 are the creditors in Classes 2 through 5. Debtor's counsel prepared and, on February 6, 2024 filed a Ballot Summary [Dkt. No. 113] as required by the Confirmation Deadlines Order and the subsequent orders continuing the Confirmation Hearing to February 13th, 2024 [Dkt. Nos. 97 and 114]. On February 13, 2024, the Debtor filed an amended ballot summary (the "Amended Ballot Summary"), and the Court approved the consideration of the Class 2, 3 and

4 ballots even though the Debtor received them after the deadline for creditors to deliver ballots to Debtor's counsel. The Amended Ballot Summary contains a tabulation of all the ballots received by Debtor's counsel and includes true and correct copies of such ballots. Within the meaning of 11 U.S.C. §1126(c), the Ballot Summary reveals that: (a). the holders of Allowed Claims or Interests in Classes 1 and 6 are not impaired within the meaning of 11 U.S.C. §1124, and therefore deemed to have accepted the Plan pursuant to 11 U.S.C. §1126(f); and (b). the holders of Allowed Claims in Classes 2, 3, 4 and 5 are impaired and have accepted the Plan.

19. <u>Compliance with 11 U.S.C. §1129(a)(9)</u>. The Court finds and concludes that the treatment of Claims under the Plan of a kind specified in 11 U.S.C. §507(a)(1)-(8) satisfies the requirements set forth in 11 U.S.C. §1129(a)(9).

20. <u>Compliance with 11 U.S.C. §1129(a)(10)</u>. The Court finds and concludes that at least one class of claims of the Debtor that is impaired under the Plan has accepted the Plan, as determined without including the acceptance of the Plan by any insider of the Debtor holding a claim in the class.

21. <u>Compliance with 11 U.S.C. §1129(a)(11)</u>. The Court finds and concludes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the plan. Therefore, the requirement of 11 U.S.C. §1129(a)(11) has been met.

22. <u>Compliance with 11 U.S.C. §1129(a)(12)</u>. The Court finds and concludes that all fees payable under 28 U.S.C. §1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all fees as required by 11 U.S.C. §1129(a)(12).

23. <u>Inapplicable Provisions of the Bankruptcy Code</u>. The Court finds and concludes that the provisions of 11 U.S.C. §1129(a)(13)-(15) are inapplicable to the Debtor or the Plan.

24. <u>Compliance with 11 U.S.C. §1129(a)(16)</u>. The Court finds and concludes that all transfers of property under the plan are made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust as required by 11 U.S.C. §1129(a)(16). The Court finds and concludes that the Plan has been proposed: (i) for valid business purposes; (ii) to satisfy substantial obligations of Debtor; and (iii) to provide relief to Debtor, Creditors, and parties-in-interest pursuant to the Bankruptcy Code. The Court further finds and concludes that it is not the principal purpose of the Plan to avoid taxes, or the application of Section 5 of the Securities Act of 1933, 15 U.S.C. §77a *et seq*.

25. The Plan does not discriminate unfairly and is fair and equitable to all parties-in-interest, including the Debtor, all unsecured creditors, secured creditors, and all interest holders. Therefore, the Plan does not discriminate unfairly, and is fair and equitable, with respect to the holders of claims in each Class set forth in the Plan. Further, the Court finds that the Plan meets the requirements of §1191(c) with the following modifications provided herein.

26. <u>Modifications to Plan</u>. The Plan has been modified and amended as follows:

(a) The first paragraph of Article I, SUMMARY on page 4 of the Plan is deleted and replaced with the following:

*This Plan of Reorganization (the Plan) under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Artesia Springs, LLC (the "Debtor") from the cash flow generated from the operations of the company and its future income.*

(b) Under Section 4.01 of the Plan, the "Treatment" of the Class 1 Creditor (Bexar County) is deleted and replaced with the following:

*"**Class 1** pertains to the allowed secured claim of **Bexar County** (and for those taxing entity which Bexar County collects ad valorem taxes) in the estimated amount of **$13,311.90**. The Bexar County claim in full through thirty-six (36) equal, consecutive monthly installments, with the first payment being made on the first day of the first full month following the Effective Date. Post-petition interest will accrue at the rate of twelve percent (12%) per annum from the Petition Date until the Effective Date and thereafter, plan interest at the rate of twelve percent (12%) per annum shall accrue on the entire balance until the tax debt is paid in full.*

*In the event the Reorganized Debtor sells, conveys or transfers any of the properties which are the collateral of the Bexar County claim or post confirmation tax debt, the Reorganized Debtor shall remit such sales proceeds first to Bexar County to be applied to the tax debt incident to any such property sold, conveyed or transferred and such proceeds shall be disbursed by the closing agent at the time of closing prior to any disbursement of the sale proceeds to any other person or entity.*

*The Reorganized Debtor may pre-pay the pre-petition tax debt to the taxing authorities at any time. The Reorganized Debtor shall have sixty (60) days from the Effective Date to object to the Bexar County claim; otherwise, the Bexar County claim shall be deemed as an allowed secured claims in the amount of its last amended Proof of Claim. The Bexar County tax claim shall retain its statutory lien securing its pre-petition and any post-petition tax debts until such time as the tax debts are paid in full. The Reorganized Debtor shall pay all post-petition ad valorem tax liabilities (tax year 2024 and subsequent tax years) owing to Bexar County in the ordinary course of business as such tax debt comes due and prior to said ad valorem taxes becoming delinquent without the need of the taxing authorities to file an administrative expense claim and/or request for payment.*

*Should the Reorganized Debtor fail to make any payments as required in this Plan, Bexar County shall provide written notice of that default consistent with the provisions of 8.09 of the Plan advising of that default, and providing the Reorganized Debtor with a period of fifteen (15) days to cure the default. In the event that the default is not cured within fifteen (15) days, Bexar County may, without further order of this Court or notice to the Reorganized Debtor, pursue all of its rights and remedies available to it under the Texas Property Tax Code to collect the full amount of all taxes, penalties and interest owed. Additionally, the failure to timely pay post-petition and/or post-confirmation taxes while the Reorganized Debtor is still paying any pre-petition debt, shall be considered an event of default. Bexar County shall provide Reorganized Debtor with written notice of that default consistent with the provisions of 8.09. of the Plan and afford a fifteen (15) day opportunity to cure said default. In the event that the Reorganized Debtor fails to timely cure the post-petition and/or post-confirmation default, Bexar County may, without further order of this court or notice to the Reorganized Debtor, pursue all of its rights and remedies available to it under the Texas Property Tax Code to collect the full amount of all taxes, penalties and interest owed. The Reorganized Debtor shall be entitled to no more than three (3) Notices of Default. In the event of a fourth (4th) default, Bexar County may pursue all rights and remedies available to it under the Texas Property Tax Code in state district court without further order of this court or further notice to the Reorganized Debtor.*

(c) Under Section 4.01 of the Plan, the "Treatment" of the Class 2 Creditor (Frost Bank) is deleted and replaced with the following:

-9-

*The Allowed Secured Claim of Frost Bank equals $28,443.64 as of the Petition Date, plus $3,636.10 in postpetition reasonable attorney's fees incurred by Frost Bank, plus $1,722.72 in accrued interest as of the Effective Date, for a total balance of $33,802.46 Such Allowed Secured Claim shall be paid as follows:*

    i.     *On the 10th day of the month following the Effective Date and on the 10th day of the month for 35 consecutive months thereafter until the Frost's Allowed Secured Claim is paid in full, the Debtor will an $1,114.67 payment to Frost Bank (based upon the interest rate of 11.50%).*

    ii.     *Frost Bank shall retain its liens and security interest until its allowed secured claim is paid in full.*

    (d)     Under Section 4.01 of the Plan, the "Treatment" of the Class 5 Unsecured Creditors with Allowed Claims, the following paragraph shall be added:

*In connection with the foregoing Treatment, Mirage Packing Industries, LLC ("Mirage") shall have an Allowed Unsecured Claim equaling $57,727.76. Furthermore, the Reorganized Debtor, on or before the Effective Date, shall return the "defective mold" which Mirage asserts it owns.*

    (e)     The following shall be added as the third paragraph of Section 6.01 of the Plan:

*In order to satisfy WT Liquidity, LLC's $17,500.00 "cure" payment previously approved the Court in exchange for a full release of all claims, the Reorganized Debtor (or its assignee) will pay WT Liquidity, LLC such $17,500.00 in 12 equal monthly installments of $1,458.33 (or will pay it sooner without penalty). The Reorganized Debtor will have 2 opportunities to cure a default within 10 days after receiving a written default notice. After 2 notices, no further opportunity to cure will be required. To the extent the Reorganized Debtor fails to cure a default on the WT Liquidity, LLC debt as provided herein, the terms of settlement dated July 22, 2022, and the judgment dated August 3, 2022, entered in the 407 JDC Bexar County Texas in Cause number 2022-CI-12964 (the "Judgment") shall control and be in full force and effect. Upon, receiving full payment of the funds due WT Liquidity, as provided herein, WT Liquidity will release the Judgment and provide WT Liquidity with notice thereof.*

    (f)     The "Exculpation" provision in Section 9.02 of the Plan is deleted and replaced with the following:

*Neither the Debtor, the Reorganized Debtor nor the Subchapter V Trustee have or may incur any liability to any Holder of a Claim or Equity Interest, or any other party in interest, or any of their respective members or former members, agents, employees, representatives, financial advisors, attorneys or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to or arising out of the Chapter 11 Case from the Petition Date to the Effective Date, the negotiation and pursuit of confirmation of the Plan (the "Chapter 11 Activities"), except for their acts or omissions constituting willful misconduct or gross negligence, as finally determined by a court of competent jurisdiction, and in all respects are entitled to reasonably rely upon the*

*advice of counsel with respect to their duties and responsibilities in connection with the Chapter 11 Activities.*

Pursuant to Section 1127 and Bankruptcy Rule 3019, all of the modifications and amendments constitute immaterial modifications, do not adversely change the treatment of the Claim of any Creditor or the interest of any equity security holder who have not accepted the modifications in writing, and they are, therefore: (a) approved by the Court without the necessity for any further notice or balloting, (b) incorporated into the Plan and this Order by reference herein as if fully set forth at length therein and (c) deemed accepted by all creditors and equity security holders who have not accepted in writing the modifications; and (d) deemed accepted by all creditors and equity security holders who have accepted the Plan and/or who are bound by the terms of the Plan.

Based upon the findings and determinations listed above,

It is **ORDERED, ADJUDGED and DECREED** that the First Amended Plan of Reorganization for a Small Business under Subchapter V of Chapter 11 filed herein by the Debtor on May 2, 2023 (Doc. #74), as modified herein is hereby **CONFIRMED** and approved in each and every respect as a consensual plan pursuant to Section 1191(b) of the Bankruptcy Code, with the modifications set forth hereinbelow. The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order. In connection herewith, all objections to confirmation of the Plan that have not been withdrawn, resolved, waived or settled are overruled on the merits.

It is further **ORDERED, ADJUDGED and DECREED** that the following additional provisions shall apply with respect to administration of the Plan:

1. The Debtor shall act as the disbursing agent and will be responsible for making all payments to creditors and other parties in interest under the Plan. Upon Substantial

Consummation (as the term is defined below) of the Plan, the duties of the Trustee in the Debtor's bankruptcy case shall terminate as provided under 11 U.S.C. § 1183(c)(1). Specifically, within fifteen (15) days of the date upon which the Debtor makes the first payment to the Creditor in Class 1 (such date being the "Substantial Consummation" of the Plan), the Debtor shall as provided under 11 U.S.C. § 1183(c)(1) file a Notice of Substantial Consummation and shall thereafter apply to the Bankruptcy Court for entry of a Final Decree in the Case. Pursuant to Section 350 and Bankruptcy Rule 3022, the Final Decree shall close this bankruptcy case and shall make provisions by way of injunction or otherwise to the extent provided in the confirmed Plan, the Bankruptcy Code and applicable law.

2. On the Effective Date of the Plan, property of the bankruptcy estate of the Debtor shall vest in the Debtor under 11 U.S.C. § 1141(b). If the Debtor's bankruptcy case is subsequently converted to Chapter 7, all property of the Debtor shall automatically revest and become property of the bankruptcy estate of the Debtor in the converted Chapter 7 case.

It is further **ORDERED, ADJUDGED and DECREED** that notwithstanding the terms of the Debtor's Plan, the following provisions shall apply in this case:

a. Debtor shall pay to the Subchapter V Trustee and Debtor's counsel all compensation and reimbursement of expenses approved by this Court in full prior to substantial consummation as provided under 11 U.S.C. §§ 1101(2) and 1183(c)(2), or as provided in any order approving such sums or pursuant to the agreement of the parties.

b. Subject to the Debtor's right to object, all timely filed Proofs of Claim and claims scheduled as undisputed, non-contingent or liquidated constitute allowed claims under 11 U.S.C. § 502(a) for the purpose of plan distributions. Notwithstanding the foregoing, the terms of the Plan setting forth the valuation of a particular secured creditor's collateral shall be binding on all such creditors. In connection with the foregoing, only the Class 1, 2, 3 and 4 Creditors hold Allowed Secured Claims against the Debtor or Reorganized Debtor.

It is further **ORDERED, ADJUDGED and DECREED** that in the event of a conflict between provisions of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

It is further **ORDERED, ADJUDGED and DECREED** that the provisions of the Plan, and any documents executed in conjunction with the Plan, and this Confirmation Order are, as of the effective date of the Plan, effective and binding on the Debtor, all creditors of the Debtor, and any other parties-in-interest, as well as their respective heirs, successors, assigns, or other persons claiming through them.

It is further **ORDERED, ADJUDGED and DECREED** that the Debtor and its respective agents and attorneys are hereby authorized, empowered, and directed to carry out the provisions of the Plan and to perform the acts and execute and deliver the documents as are necessary or appropriate in connection with the Plan and this Order.

It is further **ORDERED, ADJUDGED and DECREED** that the failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety subject to the modifications set forth herein. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order, subject to the modifications set forth herein, and shall have the same binding effect of every other provision in the Plan, whether or not mentioned in this Confirmation Order. In the event of any inconsistencies between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Confirmation Order shall govern.

It is further **ORDERED, ADJUDGED and DECREED** that the provisions governing the assumption and assignment, or rejection, of executory contracts and unexpired leases provided in

the Plan under Article VI are hereby approved. All Allowed Claims arising from the rejection of any of the Debtor's executory contracts and unexpired leases shall be classified as general Unsecured Claims under Class 11 of the Plan.

It is further **ORDERED, ADJUDGED and DECREED** that nothing in this Confirmation Order or the Plan shall in any way operate to, or have the effect of, impairing or extinguishing in any respect any Litigation Claims referenced on Page 19 of the Plan or any other claims or defenses owned by the Debtor on the Effective Date, and the Debtor shall retain such claims as provided in the Plan, including any claims or defenses that may not have been defined in the Plan but are nonetheless owned by the Debtor on or before the Effective Date. After the Effective Date, the Debtor may, in its sole discretion, evaluate and determine whether to pursue any such retained claims.

It is further **ORDERED, ADJUDGED and DECREED** that, except as otherwise expressly provided in the Plan, all payments and other distributions to be made under the Plan shall be timely and proper if mailed by first class mail on or before the date of distribution provided for in the Plan to the address listed in the creditor's proof of claim filed in this case, or, if no proof of claim is filed, to the creditor's last known address.

It is further **ORDERED, ADJUDGED and DECREED** that the term of Debtor's Plan shall be thirty-six months from the Effective Date. Debtor shall be discharged only upon payment in full of:

a. All allowed administrative and priority claims;

b. The Allowed Secured Claims in the amounts provided under the Plan; and

c. The dividend set forth in the Plan for Allowed Unsecured Claims.

On the Effective Date of the Plan, the Debtor shall be and is hereby discharged to the extent and as provided by 11 U.S.C. § 1141(d)(1), except as otherwise provided in the Plan and that the Debtor will not be discharged from any obligations and debts imposed by the Plan. Specifically, Debtor is discharged from each debt or claim that arose against the Debtor prior to the date of this Order, whether or not a proof of claim based upon the debt or claim is filed or deemed filed in the case, whether or not a claim is allowed, and whether or not the holder of a claim has accepted the Plan; provided that nothing in this Order or in the Plan shall operate as a discharge of the Debtor from claims, obligations, or liabilities to be paid or performed under the Plan or any agreement executed in conjunction with the Plan.

It is further **ORDERED, ADJUDGED and DECREED** that the Debtor and all holders of Claims and Interests are bound by the Plan within the meaning of Section 1141 of the Bankruptcy Code.

It is further **ORDERED, ADJUDGED and DECREED** that the Court shall retain jurisdiction of this case for all purposes provided in 11 U.S.C. §§1127(b) and 1142, and Bankruptcy Rule 3020(d). Additionally, the Court retains jurisdiction for the purposes stated in Article X of the Plan.

It is further **ORDERED, ADJUDGED and DECREED** that this Confirmation Order is effective and enforceable immediately upon entry.

# # #

Submitted by:
William B. Kingman
Law Offices of William B. Kingman
3511 Broadway
San Antonio, Texas 78209
Telephone: (210) 829-1199
Email: bkingman@kingmanlaw.com